# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8143 | **DATE** | 11/19/2002 |
| **CASE TITLE** | James Parks vs. USA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. Accordingly "it plainly appears from the fact of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court (Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts). That being so, the same Rule 4(b) calls for the summary dismissal of the motion, and this court so orders. Parks Request to proceed in forma pauperis is denied as moot. (2-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 12 2002 | |
| | Docketing to mail notices. | | date docketed | 5 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 12/11/2002 | |
| | courtroom | | date mailed notice | |
| SN | deputy's initials | Date/time received in central Clerk's Office | SN | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES PARKS,                          )
                                      )
           Petitioner,                )
                                      )
      v.                              )  No. 02 C 8143
                                      )
UNITED STATES OF AMERICA,             )
                                      )
           Respondent.                )

**DOCKETED**

**DEC 1 2 2002**

## MEMORANDUM OPINION AND ORDER

James Parks ("Parks") has tendered a self-prepared 28 U.S.C. §2255 ("Section 2255") motion that challenges the 30-month sentence that this Court imposed following Parks' entry of a guilty plea. To that end Parks has filled in the blanks in a preprinted Section 2255 form made available to such pro se prisoner litigants, and he has accompanied that form with a 15-page accompanying "Supplemental Brief in Support of 28 U.S.C. 2255 Motion" ("Brief")--a document obviously prepared with the major assistance of someone having familiarity with legal matters and authorities. This Court has reviewed Parks' total submissions, and it finds them insufficient as a matter of law.

Parks' only expressly advanced grounds for relief, as called for and stated in the portion of the printed Section 2255 form that requires a concise statement of all such grounds, are three in number:

    1. the asserted ineffective assistance of counsel in failing to challenge a purported "defective and untimely

indictment";

  2. the purportedly unwarranted "leadership enhancement," referring to the two-level increase in offense level ruled on by this Court at sentencing pursuant to Sentencing Guideline ("Guideline") §3B1.1(c); and

  3. his counsel's asserted ineffectiveness in failing to investigate and argue matters that, Parks says, would have resulted in "safety valve relief" (most often referred in Parks' papers as "safety value relief") in the decision as to his sentence.

Despite that directive for completeness set out in the Section 2255 form, Parks has also advanced a number of other matters that he claims entitle him to relief.

  This Court recalls all aspects (1) of the crime to which Parks and his two codefendants pleaded guilty and (2) of the proceedings involving all three defendants, and it has further fortified its recollection by listening to the tape recordings of Parks' July 18, 2001 guilty plea and of his November 14, 2001 sentencing proceeding. It has given full consideration to all of the matters raised by Parks, and it finds them totally wanting as a predicate for Section 2255 relief.

  It must be said that it comes with particularly ill grace for Parks now to complain about the quality of representation by his lawyer (or more accurately lawyers--at the time of his

sentencing he was represented by the third of his appointed counsel, Scott Frankel, Esq.).[1] This was a case in which the government had Parks and his codefendants dead to rights on conspiracy charges: Parks was Chief of Police of the Dixmoor Park District Police Department,[2] whose sole function was the exercise of jurisdiction over a tiny "tot lot" that contained a few pieces of playground equipment (that was the only property of

---

[1] It is worth quoting from this Court's September 17, 2001 letter to Chief Judge Joel Flaum in support of the request for Criminal Justice Act fees by Parks' second lawyer, James Graham, Esq., whom this Court has observed over the years to be a skilled and responsible member of this District Court's Federal Defender Panel:

> As Graham's report reflects, Parks switched to a guilty plea after the case had been set and fully prepared for trial. In addition, the plea agreement that was tendered to and accepted by me appeared to be the product of responsible negotiation on behalf of Parks in a case that posed difficult problems for the defense. There is no reason that Parks' subsequent second-guessing of that choice, which has caused Graham's withdrawal as counsel and the appointment of a new CJA lawyer to represent Parks at sentencing (or perhaps to seek withdrawal of his plea), should derogate from what I have said.

And it is also noteworthy that after shedding attorney Graham, Parks still knowingly and voluntarily (as established by this Court's painstaking inquiries at the time Parks' guilty plea was taken) chose to go through with the plea agreement that attorney Graham had negotiated on his behalf. At the time of sentencing, after attorney Frankel had made the arguments on Parks' behalf that this Court found persuasive in moderating the Guidelines calculation and Parks' sentence, it invited Parks to make any statement he wished in allocution--and Parks said only this:

> I think my attorney said it. I think he spoke for me, sir.

[2] Dixmoor is a small Chicago suburb.

3

the Park District). Nonetheless Parks and his cohorts hatched a plot to sell Police Department officerships to people for substantial payments of money[3]--thus conferring on those "officers" (who were really local businessmen) a sham status that provided them with the opportunity to sport badges and to own and carry weapons legally. Although that scheme may not have originated with Parks (and this Court did not treat him as the originator, either for purposes of determining his Guideline sentencing range or in imposing the resulting sentence), it was plain beyond a reasonable doubt that Parks was not only an integral player but that he received and exercised unfettered dominion over the funds that were paid by the new "officers" for their positions and credentials.

When the probation officer who was assigned to the case prepared Parks' Presentence Investigation Report ("PSI"), she included a three-level increase in the offense level under Guideline §3B1.1(b) on the premise that Parks was a "manager or supervisor (but not an organizer or leader)" in criminal activity that "was otherwise extensive." That was also the government's position, and Assistant United States Attorney Theodore Chung argued hard in support of that position. Parks' defense counsel

---

[3] Under the evidence the amounts that were charged varied materially (Parks' Plea Agreement ¶3 referred to $1,500 as a typical payment), a variance that obviously did not bear on the existence or illegality of the conspiracy.

at sentencing (attorney Frankel) opposed that position both vigorously and, more importantly for Parks, persuasively.

Although the legal question was close, in this Court's view defense counsel had the better of it. This Court therefore rejected the three-level increase, instead deciding to apply a two-level increase under Guideline §3B1.1. And that reduced Parks' total offense level from 20 (as had been proposed in the PSI and by government counsel) to 19, so that Parks' sentencing range was reduced from 33-41 months to 30-37 months.

As for Parks' actual sentence, this Court also found his lawyer's strong presentation equally persuasive, and it sentenced Parks at the very bottom of the Guideline range--30 months in custody, followed by an appropriate period of supervised release. Against that backdrop, it is especially troublesome to find Parks attacking, as assertedly constitutionally inadequate, the high quality representation that was afforded him at sentencing by his appointed counsel.

To turn to Parks' grounds for relief asserted in the Section 2255 form, his first claim of a purportedly defective and untimely indictment is simply frivolous: There was certainly at least one act in furtherance of the conspiracy that was within the limitations period. And needless to say, no lawyer can be faulted for having failed to advance such a frivolous argument on behalf of his or her client.

As for Parks' next challenge, in which he cavils at the two-level role-in-the-offense enhancement ultimately applied by this Court, it is of course true as a matter of the merits that a Section 2255 motion cannot take the place of an appeal--and Parks took no appeal on that or any other basis. But because a disposition of that challenge on such a procedural ground would no doubt prompt Parks--given his currently manifested mindset--to charge that his lawyer was constitutionally inadequate in failing to launch such an appeal, this Court instead addresses the merits--or more accurately the lack of merit--of that challenge.

In criticizing the role of Parks' counsel in that aspect of the sentencing determination, Parks urges that it was improper for him to be labeled as "the leader, supervisor or manager" (emphasis added) of the established conspiracy. That position is mistaken, for Guideline §3B1.1(c) speaks instead of "an organizer, leader, manager or supervisor"--but more importantly, there is no way in which Parks could have been extricated from that kind of status as decided by this Court, and so Parks' counsel cannot be charged with ineffectiveness for his representation on that score either.

As for Parks' asserted "safety valve" claim, no argument that his defense counsel could have advanced would have led to a departure downward and hence to a lesser sentence. Both the PSI and the arguments by Parks' counsel made this Court very much

6

aware of the tragedy involved when a law enforcement officer with many years of impeccable service became embroiled in the earlier-described criminal activity. Indeed, during the sentencing proceeding this Court likened the situation to an Aristotelian tragedy--a "fall from grace." All of the factors in Parks' favor were adduced by his counsel and led this Court to sentence him at the bottom of the Guideline range--but this Court's evaluation of Parks' betrayal of the public trust <u>in light of</u> that very background and position foreclosed any favorable consideration of a downward departure by this Court. Again no delinquency can fairly be laid at defense counsel's door.

As for the other grounds that appear to be suggested in Parks' accompanying Brief, none of them calls for any different conclusion. For example, Parks' claim that the offense should not have been treated as involving more than minimal planning is absurd. Next, Parks offers no suggestions as to any type of pretrial or post trial motions for relief that could colorably have been advanced by Parks' counsel on his behalf. And as to any other contentions that are set out in the Brief without having been specified as grounds in the Section 2255 motion itself, this Court has reviewed all of them and has found them all wanting.

Accordingly "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case

that the movant is not entitled to relief in the district court (Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts). That being so, the same Rule 4(b) calls for the summary dismissal of the motion, and this Court so orders.[4]

_____
Milton I. Shadur
Senior United States District Judge

Date: November 19, 2002

---

[4] Although Parks has accompanied his motion with a "Declaration in Support of Request To Proceed In Forma Pauperis," no filing fee is required for a Section 2255 motion. That request is accordingly denied as moot.